# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHIA MENG CO. LTD. | § | |
|       Plaintiff | § | |
| v. | § | C.A. NO. _____ |
| | § | |
| REYNOLDS SHIPPING USA, LLC; | § | |
| RSUSA LLC; SCR TRUST; and STEVEN | § | Admiralty Rule 9(h) |
| REYNOLDS | § | |
|       Defendants | § | |
| | § | |

## ORIGINAL COMPLAINT AND
## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Chia Meng Co. Ltd. files this Original Complaint and Motion for Temporary Restraining Order, and would respectfully show this Honorable Court as follows:

### Parties

1.      Plaintiff, Chia Meng Co. Ltd. ("Chia Meng") is a company incorporated under the laws of Thailand and doing business at 119 Moo, Nong-Ngulem, Chalinm prakiat, Nakhonrtchsima 30000, Thailand.

2.      Defendant Reynolds Shipping USA, LLC ("Reynolds Shipping") is a limited liability company organized under the laws of Oklahoma and doing business at 509 Melanie Drive, Pharr, Texas 78577.  It can be served with process by serving its registered agent for service of process, the Oklahoma Secretary of State, 2300 N. Lincoln Blvd., Suite 101, Oklahoma City, Oklahoma, 73105

3.      Upon information and belief, Defendant RSUSA LLC ("RSUSA") is a "doing business name" of Reynolds Shipping and is not a separate legal entity.

4.      Upon information and belief, Defendant SCR Trust ("SCR") is a trust organized under the laws of Texas and doing business at 509 Melanie Drive, Pharr, Texas  78577.

5.      Upon information and belief, Defendant Steven Reynolds ("Reynolds") is an individual residing and doing business at 509 Melanie Drive, Pharr, Texas 78577 and 118 E. Cano, Suite 200, Edinburg, Texas 78539.

### Jurisdiction and Venue

6.      This is an action to confirm an arbitration award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and this Court has jurisdiction under 9 U.S.C.A. § 203.  This is also an action for breach of a maritime contract, and this Court has jurisdiction under 28 U.S.C. § 331.  This is also a dispute between parties of diverse citizenship and the amount in controversy exceeds $75,000, and this Court has jurisdiction under 28 U.S.C. § 1332.

7.      Venue is proper before this Court because the Defendants reside or have their places of business in the Southern District of Texas.

### Facts

8.      On July 10, 2007, Chia Meng and Reynolds Shipping entered into a Contract of Affreightment (the "COA") for the transportation of 30,000 minimum metric tons of 50 kilograms bagged rice.

9.      The COA contained an arbitration clause requiring arbitration of disputes arising under the COA, with English law to be applied.

10.     On February 15, 2008, in connection with a dispute arising under the COA, Chia Meng gave notice of its appointment of an arbitrator to Reynolds Shipping.

11.     Despite extensive email correspondence between Chia Meng, Reynolds Shipping and Reynolds regarding the arbitration, Reynolds Shipping failed to appoint an arbitrator.

12.     Pursuant to the English Arbitration Act 1996, the arbitrator appointed by Chia Meng served as the sole arbitrator of the dispute.

PD.4159507.1

13.     Reynolds advised Chia Meng and the arbitrator on September 9, 2009 that Reynolds Shipping had "closed its doors for business" and on September 24, 2009 that "the company has ceased to exist."

14.     Reynolds Shipping and Reynolds have continued to do business under the name RSUSA.

15.     The business conducted by RSUSA — logistics and transportation — is identical to that previously conducted by Reynolds Shipping.

16.     The email address used by Reynolds for Reynolds Shipping, steven@rsusa.org, is identical to that used by Reynolds for RSUSA.

17.     Reynolds has stated in email correspondence with potential customers that "RSUSA is Reynolds Shipping USA, LLC" and "they are the SAME company.  RSUSA is only an abbreviation which stands for Reynolds Shipping USA, LLC" (emphasis in original).

18.     On October 13, 2009, the arbitrator issued an award in favor of Chia Meng and against Reynolds Shipping in the amount of US$1,848,205.07, Thai baht 273,923.55, plus interest at the rate of 2.5292% per annum from June 10, 2008 to the date of final payment, plus Chia Meng's costs and expenses of US$35,000, plus arbitrator's fees and expenses of Singapore$25,000.  A copy of the award is attached as Exhibit G to Exhibit 1 hereto.

19.     Despite due demand, Reynolds Shipping has failed to make payment on the arbitration award.

20.     Chia Meng requests that this Court confirm the arbitration award as a judgment against Reynolds Shipping and RSUSA.

21.     Communications from Reynolds, whether sent by Reynolds Shipping or RSUSA, stated they were "sent by SCR Trust secured mobile," or referred to Reynolds Shipping and/or RSUSA as "a wholly-owned SCR Trust Company."

22.     Based on the above facts, upon information and belief, Reynolds Shipping, RSUSA, and SCR share common management and employees.

23.     Based on the above facts, upon information and belief, Reynolds directs the operations of Reynolds Shipping, RSUSA, and SCR Trust.

24.     Based on the above facts, upon information and belief, Reynolds uses the assets of SCR Trust for the benefit of Reynolds Shipping.

25.     Based on the above facts, upon information and belief, Reynolds has commingled the assets of Reynolds Shipping, RSUSA, SCR Trust, and his personal assets to defraud creditors, including Chia Meng.

26.     Based on the above facts, upon information and belief, SCR Trust provided working capital for Reynolds Shipping and RSUSA.

27.     Based on the above facts, upon information and belief, Reynolds Shipping was severely undercapitalized for its business.

28.     Based on the above facts, upon information and belief, Reynolds has disregarded the corporate entities of Reynolds Shipping, RSUSA, and SCR Trust.

29.     Reynolds has used the separate corporate existence of Reynolds Shipping, RSUSA, and SCR Trust as a scheme to perpetrate a fraud upon Chia Meng.

30.     Reynolds has operated Reynolds Shipping, RSUSA, and SCR Trust as alter egos, and Reynolds Shipping, RSUSA, and SCR Trust are each mere instrumentalities of Reynolds.

31.     Upon information and belief, Reynolds is the beneficiary of SCR Trust.

32.     Upon information and belief, SCR Trust is the sole owner of the ownership interests in Reynolds Shipping and RSUSA.

33.     Upon information and belief, Reynolds Shipping, RSUSA, and SCR Trust have failed to maintain separate corporate records and minutes.

### First Cause of Action

34.     Plaintiff repeats the allegations contained in paragraphs 1- 33 as if set forth fully herein.

35.   Plaintiff requests that this Court confirm the arbitration award and enter it as a judgment against Reynolds Shipping in the amount of $2,032,931.08, including:

a.   the arbitration award amount of US $1,848,205,07;

b.   the arbitration award amount of Thai baht 273,925.55, which, as of December 14, 2010, converts to US $9,137.86;

c.   Plaintiff's costs and expenses of US $35,000 awarded in the arbitration award;

d.   arbitrator's fees and expenses awarded in the arbitration award of Singapore $25,000, which, as of December 14, 2010, converts to US $19,129.70, and

e.   interest at the rate of 2.5292% per annum from June 10, 2008 to December 14, 2010, as awarded in the arbitration award, amounting to $121,458.45, plus interest to the date of payment by Defendants.

**Second Cause of Action**

36.   Plaintiff repeats the allegations contained in paragraphs 1- 35 as if set forth fully herein.

37.   Reynolds, Reynolds Shipping, RSUSA, and SCR Trust are alter egos of one another, and are organized and operated as mere tools or business conduits of one another.

38.   Reynolds, Reynolds Shipping, RSUSA, and SCR Trust have used their corporate forms to perpetrate a fraud on Chia Meng.

39.   Reynolds, Reynolds Shipping, RSUSA, and SCR Trust have used their corporate forms to evade an existing legal obligation.

40.   Reynolds, Reynolds Shipping, RSUSA, and SCR Trust have used their corporate forms to protect against the discovery of a crime or to justify a wrong.

41.   Reynolds Shipping was so grossly inadequately capitalized as to work an injustice against Chia Meng.

42.     Reynolds caused the corporate entities under his control to be used for the purpose of perpetrating an actual fraud on Chia Meng, and perpetrated an actual fraud on Chia Meng primarily for his own direct personal benefit.

43.     Plaintiff requests that this Court pierce the corporate veil and enter the arbitration award as a judgment against Reynolds, RSUSA, and SCR Trust in the amount of $2,032,931.08.

**Motion for Temporary Restraining Order
and Preliminary Injunction**

44.     Chia Meng asks the Court to enter a temporary restraining order against Reynolds, Reynolds Shipping, SCR Trust, and RSUSA enjoining said entities from transferring their assets out of this Court's jurisdiction during the pendency of this action without bona fide business transaction documentation supporting the need to do so.  Chia Meng asks the Court to enter a preliminary injunction following the expiration of the temporary restraining order.

45.     An affidavit in support of the factual allegations in this Original Complaint and Motion for Temporary Restraining Order and Preliminary Injunction is attached as Exhibit 1 and is incorporated by reference.

46.     Chia Meng will suffer imminent and irreparable injury if Defendants are not immediately restrained from transferring their assets out of this Court's jurisdiction.  Chia Meng has obtained an arbitral award against defendant Reynolds Shipping in the amount of US$1,848,205,07 and Thai baht 273,925.55, plus interest and costs.  Defendants are alter egos and mere instrumentalities or conduits of one another, so each Defendant is liable for the full award amount.

47.     Defendant Reynolds, through his substantial foreign business operations, has the ability to transfer substantial assets out of the jurisdiction of this Court, in order to protect those assets from execution.

PD.4159507.1

48.     Defendant Reynolds has demonstrated his willingness to make inaccurate and misleading statements in an attempt to protect his financial assets in connection with this dispute.  He advised the arbitral tribunal that Reynolds Shipping had "closed its doors for business," but subsequently advised a potential customer that Reynolds Shipping and RSUSA are the same entity and were available to enter into a business transaction.

49.     If Defendants are not enjoined from transferring their assets out of this jurisdiction, there is no adequate remedy at law because the arbitral judgment to be enforced by this Court will be no more than words on paper if there are no assets against which execution of the judgment can be obtained.  Chia Meng would be forced to file multiple lawsuits in an effort to chase down assets against which execution can be obtained.  Effective legal relief would therefore be impossible without filing serial lawsuits, making any such relief merely illusory. *Wilson v. Illinois S. Ry. Co.*, 263 U.S. 574 (1924).

50.     There is a substantial likelihood that Chia Meng will prevail on the merits.  In fact, there will be no determination of the "merits" per se as to Reynolds Shipping.  The merits have already been adjudicated in the arbitral proceeding, and Chia Meng seeks only to enforce its award as a foreign judgment in this Court.  Therefore, there are in fact no merits upon which Reynolds Shipping can prevail.  As to the remaining Defendants, they are all under the direct control of Reynolds (just as Reynolds Shipping is), and are used as alter egos and mere instrumentalities of one another.

51.     The threatened harm to Chia Meng outweighs the potential harm that a temporary restraining order and temporary injunction could inflict upon Defendants.  Chia Meng is not seeking a complete "lock-down" of Defendants' assets such as would result in Defendants' inability to conduct bona fide and reasonable business transactions, but only to prevent Defendants from fraudulently or improperly preventing Chia Meng from executing on its judgment.

PD.4159507.1

52.     Issuance of a temporary restraining order and preliminary injunction will not adversely affect the public interest and would not be contrary to public policy because the public interest is not involved.  This is merely a commercial dispute between a shipper and its carrier, whereby the shipper is seeking to enforce a foreign judgment awarded to it after a full and fair adjudicatory hearing.

53.     Chia Meng is willing to post a bond in the amount the Court deems appropriate.

54.     The Court should enter the temporary restraining order without notice to Defendants because Chia Meng will likely suffer immediate and irreparable injury, loss, or damage if the order is not granted before Defendants can be heard, and there is no less drastic way to protect Chia Meng's interests.  If Defendants are provided notice of the application for the temporary restraining order before it is in place, they will know that their assets are subject to execution imminently, and will then be able to transfer any such assets beyond this Court's jurisdiction.

55.     Chia Meng asks the Court to set the request for a temporary injunction for hearing at the earliest possible time.

WHEREFORE, Plaintiff Chia Meng requests that this Court enter judgment in favor of Chia Meng and against Steven Reynolds, Reynolds Shipping, RSUSA, SCR Trust and Pacific Coast in the amount of $2,032,931.08 plus interest to the date of payment; enter a temporary restraining order preventing Defendants Reynolds, Reynolds Shipping, RSUSA and SCR Trust from transferring their assets outside of this jurisdiction without bona fide business transaction documentation supporting the need to do so; and setting the request for a preliminary injunction for hearing at the earliest possible time.  Chia Meng asks for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

Marc G. Matthews
Texas Bar No. 24055921
Federal ID No. 705809
marc.matthews@phelps.com
700 Louisiana Street, Suite 2600
Houston, Texas 77002
Telephone:  (713) 626-1386
Facsimile:  (713) 626-1388

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:
**Phelps Dunbar LLP**
Brian D. Wallace
Louisiana Bar No. 17191
Fed. ID 205890
wallaceb@phelps.com
and

Watson, Farley, and Williams (New York) LLP
100 Park Avenue, 31st Floor
New York, New York 10017

PD.4159507.1