UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHIA MENG CO. LTD. | § | |
| | § | |
| v. | § | C.A. NO. 4:10cv5007 |
| | § | |
| REYNOLDS SHIPPING USA, LLC; | § | |
| RSUSA LLC; SCR TRUST; and STEVEN | § | Admiralty Rule 9(h) |
| REYNOLDS | § | |
| | § | |
| | § | |

**PLAINTIFF'S EX PARTE MOTION FOR ORDER AUTHORIZING SUBSTITUTE SERVICE OF WRIT OF EXECUTION, DIRECTING INSURANCE AND MANAGEMENT OF SEIZED PROPERTY, AND ORDERING JUDICIAL SALE**

COMES NOW Plaintiff Chia Meng Co. Ltd. ("Chia Meng") and requests that the Court enter an order authorizing substitute service of a Writ of Execution, directing insurance and management of seized property, and ordering judicial sale. Chia Meng would respectfully show the Court as follows :

1.      On March 2, 2011, the Court issued an Order granting Plaintiff's Motion for Entry of Default and Default Judgment which granted Plaintiff default judgment against Defendants (See Order dated March 2, 2001, Docket #16).

2.      Plaintiff has determined that one of the Defendants, SCR Trust, is the owner of real property known as 412 and 414 South 15th Street, McAllen, Texas, upon which Plaintiff wishes to execute in partial satisfaction of the judgment.

3.      Plaintiff's counsel has had several teleconferences with the U.S. Marshal's Service in Houston and in McAllen, and has determined that it will be necessary to have a detailed Order from the Court directing the Marshal's actions in connection with the Writ of Execution for the subject property.

**Service of Writ of Execution**

4.      Before the U.S. Marshal's Service can execute on the judgment, service of the Writ of Execution must be effected on the judgment debtor. Based on past efforts at service of

process and past efforts at communication with the judgment debtors, it is expected that actual personal service on Defendant and judgment debtor SCR Trust will be impossible and a futility, and therefore a waste of time and resources. Chia Meng therefore asks the Court to issue an order authorizing Chia Meng to serve the Writ of Execution by leaving a copy of the Writ attached to the front door of the real property against which Chia Meng seeks to execute.

5.      Federal Rule of Civil Procedure 4(e) provides the framework under which service can be effected: (1) through any method effective under state law of the state where the district court is located; (2) by serving the individual defendant personally; (3) by leaving a copy of the summons and complaint with an individual of suitable age and discretion at the individual's dwelling or usual place of abode; (4) or by delivering a copy of the summons and complaint to the individual's authorized agent.

6.      Upon motion by the plaintiff accompanied by supporting affidavit, Texas law allows for service "in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2). As evidenced by Exhibit 1, Defendant SCR Trust, through its trustee Steven Reynolds, has actual notice of the instant litigation, the judgment against it, and of Plaintiff's efforts to execute against the property in partial satisfaction of the judgment, and is attempting to evade that result.

7.      As also evidenced by Exhibit 1, leaving a copy of the Writ of Execution securely attached to the front entry way of 412 South 15th Street, McAllen, Texas, or by delivering a copy of the Writ of Execution to that address via First Class mail, will be sufficient to give Defendant and judgment debtor SCR Trust reasonably effective notice of the Writ of Execution. Defendant and judgment debtor SCR Trust has stated that its mailing address is 412 South 15th Street, McAllen, Texas, but has also stated that the property at that address is vacant. See Exhibit 2, at pp. PLNTF 000001 and PLNTF 000005.

PD.5713565.1

**Insurance and Management of Property While in the Custody of the Marshal**

8.      Normally, the U.S. Marshal's Service requires a property manager to be appointed when the Marshal seizes real property in furtherance of an execution of judgment, in order to protect any tenants and to protect the Marshal and the judgment creditor from any liability in connection with the seizure and subsequent custody of the property.

9.      Chia Meng has learned that judgment debtor SCR Trust was attempting to sell real property it owns, in violation of the Court's injunction restraining it from disposing of or transferring any assets without bona fide business transaction documentation supporting the need to do so.  See Order dated January 11, 2011, Docket #8.

10.     Upon learning of the attempted sale, Chia Meng subpoenaed the records of the seller's real estate agent.  The subpoenaed records show that the property is vacant, and in need of demolition.  See Exhibit 2, at pp. PLNTF 000001 and PLNTF 000006.  The Court and the U.S. Marshal's Service therefore need not make any accommodations to protect the rights of any tenants or to manage and safeguard the property.  To the contrary, Chia Meng respectfully suggests that all that is necessary is for Chia Meng to obtain a policy of general liability insurance protecting the U.S. Marshal's Service (or any substitute custodian appointed by the U.S. Marshal's Service or by Chia Meng) from liability arising out of the custody of the property, effective from the date of the seizure of the property until such time as the property is sold at judicial auction.

**Order of Sale**

11.     The subject property will be seized by the U.S. Marshal's Service pursuant to the Writ of Execution which will issue from the Clerk.  Chia Meng asks for an order directing that, if the judgment is not satisfied within ten days from the date of seizure of the property, the U.S. Marshal's Service is to sell the property at judicial auction pursuant to the Marshal's usual and customary auction procedures, and in conformity with 28 U.S.C. sections 2001 and 2002.

PD.5713565.1

12.    Chia Meng asks the Court to order that notice of the sale of the property, published once a week for at least four weeks prior to the sale in *The Monitor*, a newspaper of general circulation in McAllen, Texas, will be sufficient to satisfy the requirements of 28 U.S.C. section 2002.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Chia Meng Co. Ltd. requests that the Court enter an Order in the form attached hereto.  Chia Meng Co. Ltd. prays for all further relief to which it may be justly entitled.

Respectfully Submitted,

Marc G. Matthews
Texas Bar No. 24055921
Federal ID No. 705809
marc.matthews@phelps.com
700 Louisiana Street, Suite 2600
Houston, Texas 77002
Telephone:  (713) 626-1386
Facsimile:  (713) 626-1388

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:
**Phelps Dunbar LLP**
Brian D. Wallace
Louisiana Bar No. 17191
Fed. ID 205890
wallaceb@phelps.com

and

Watson, Farley, and Williams (New York) LLP
100 Park Avenue, 31st Floor
New York, New York 10017

PD.5713565.1

## CERTIFICATE OF CONFERENCE

No parties have appeared or answered herein, therefore, no conference was necessary and the motion is unopposed.

_____
Marc G. Matthews

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion for Status Conference was filed electronically with the Clerk on this the 29th day of December, 2011. A courtesy copy has been sent to the last known address of the Defendants as follows:

Reynolds Shipping USA, LLC
RSUSA LLC
SCR Trust
Steven Reynolds
412 South 15th Street
McAllen, Texas
78577
**Defendants**

_____
Marc G. Matthews

PD.5713565.1